IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JEFFERY D. RUFFIN                                                               PLAINTIFF

v.                                                                               No. 4:16CV126-GHD-RP

LT. ALEXANDER, ET AL.                                           DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Jeffery D. Ruffin, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Allegations

Mr. Ruffin alleges that Lt. Alexander, Lt. Townsend, Lt. Kenji Terry, and Administrative Remedy Program Coordinator Richard Pennington violated his right to due process when issuing and prosecuting a prison Rule Violation Report against him for possession of contraband on March 17, 2016. The description of the contraband is illegible on the Rule Violation Report. Mr. Ruffin objects to the use of a staff statement as proof of the infraction, as well as mistakes during the Rule Violation Report appeal process. He alleges that he never received a copy of the Rule Violation Report in question, # 01630230; as such, he could not have reviewed or signed it. Richard Pennington rejected

the appeal of the infraction because Ruffin allegedly refused to sign it.[1] In addition, Mr. Ruffin alleges that Lt. Alexander could not have been a witness because he was not present at the place and time listed on the Rule Violation Report. Ruffin was nonetheless found guilty of the infraction and was punished with 18 months loss of all privileges and 180 days removal from Trusty status.

## No Violation of Due Process

Under the ruling in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. This discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958

---

[1] It is unclear whether the appeal document (# MSP-16-812) actually refers to the Rule Violation Report in question (# 01630230). The appeal paperwork states that that the date of the incident was April 11, 2016, while the plaintiff's complaint and the language of the Rule Violation Report show that the incident occurred on March 17, 2016. The discrepancy may well be a scrivener's error, as the plaintiff and the hearing officer signed the Rule Violation Report on April 11, 2016 (the date referenced in the Appeal). The discrepancy does not, however, change the outcome of this case.

(5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was 18 months loss of privileges and 180 days removal from Trusty status. Such punishment clearly falls "within the expected parameters of the sentence imposed by a court of law" and "[does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 115 S.Ct. at 2301. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted.

SO ORDERED, this, the 4th day of January, 2017.

/s/ Neal B. Biggers
SENIOR JUDGE